Gussie **KRAMER** et al., Appellants,

v.

Elizabeth **CROUT**, Appellee.

No. 3278.

Court of Civil Appeals of Texas.

Waco.

May 26, 1955.

Rehearing Denied June 16, 1955.

H. W. Allen, Hamilton, Abney, Hammett & Lynch, Lampasas, Byron McClellan, Gatesville, for appellants.

Brown & Dickie, Gatesville, for appellee.

McDONALD, Chief Justice.

This is a suit contesting the holographic will of Mrs. Rosa Doyle Nolan. The County Court of Coryell County admitted the following instrument to probate as the last will of Mrs. Rosa Doyle Nolan, who died on or about 25 February 1954:

"My Will.

I being of sound mind make this my will. I bequeath: All land known as the Doyle Est. in Hamilton & Coryell County called the Doyle Ranch.—Also 40 acres. Jas Daugherty Survey in Hamilton County: and 35 acres Rheuben Fisher Survey in Coryell County All livestock; Consisting of Hereford Cattle Milch Goats. Horses.

Chickens dogs—cats. and Household furniture—Diamonds & Cash:

To My Dearest Beloved Elizabeth Crout. of Ireland Texas. Know living on Doyle Ranch

During the remaining years of their lives—Mae Crout & John S. (Tony) Floyd Must be provided for with a substantial living: Love and Care; by Said Elizabeth Crout.—Until their death."

Respt
Rosa Doyle Nolan
Doyle Ranch
Ireland Texas
November 23, 1940

Witness:
Louie Voges
Charlie Lowe."

Contestants thereafter appealed to the District Court of Coryell County. Trial was to a jury, which, in answer to Special Issues, found: 1) That the instrument was wholly written by Rosa Doyle Nolan. (The court instructed the jury in connection with this issue: "In answering the above you will not take into consideration any attesting clause, the date, or the signature of any attesting witnesses but only the instrument itself and the signature of the testatrix.") 2) That Testatrix intended at the time of execution for the instrument to operate as her last will and testament; and 3) That the instrument had not been revoked.

Upon the foregoing verdict the Trial Court entered judgment for proponent admitting the will to probate. Contestants appeal, contending: 1) That the Trial Court erred in failing and refusing to submit to the jury the disputed fact issue as to the date of the execution of the alleged holographic will. 2) The Trial Court erred in instructing the jury not to take into consideration any attesting clause, the date, or the signature of any attesting witnesses. 3) The Trial Court erred in overruling contestants' 2nd application for a continuance.

The evidence reflects that testatrix was over 21 years of age when she signed the

will; that she was of sound mind all of her life prior to the execution of the will in 1940 and thereafter until about April 1953, when she had a stroke. Testatrix was a widow without children at the time of the execution of the will, and remained such. Contestants are first cousins of testatrix. Proponent and chief beneficiary of the will is the daughter of testatrix' first cousin, Mae Crout, mentioned in the will. Proponent and her mother had lived on the Doyle Ranch for some years prior to 1940 and continued to live there until after the death of the testatrix. J. S. (Tony) Floyd, mentioned in the will, was an afflicted first cousin of testatrix but who died prior to testatrix.

Charlie Lowe, one of the witnesses on the will, testified that he witnessed same at the request of testatrix in the fall of 1940 and saw testatrix sign same. There is an abundance of evidence to the effect that the will is in the handwriting of testatrix, and no evidence to the contrary.

The will itself is before this court as an original exhibit, as are a number of agreed genuine specimens of handwriting of testatrix, including the letter which follows, which indeed might well have been probated as the will of testatrix itself:

"To Elizabeth Crout.
Doyle Ranch Ireland. Tex;

My. Dearest Elizabeth:

I am requesting you to Carry out these few requests. I make In this letter: First —be shure to meet.—the State & County Tax's—on this Doyle Ranch—especially—the Tax's in Hamilton County.—Keep—the Federal loan—on the Isaac Adams Survey —in Hamilton Co promptly paid—Always —meet the interest promptly—And. you'll soon have it paid:—Should you find it—"too hard" to meet this interest—"Then you can sell off the Cattle to pay same: Carry. On—Everything—just as I did: It will be a hard load.—but Youth is with you.—And you can make the grade

I beg—you: to assume the Care of Tony —as long as he lives—See—he is never neglected—nor mistreated—by Anyone:

Give him. Loving Care—and provide nice neat Clothes. Special Attention when Sick —At his Death—(use the regular burial Insurance he carried)—Bury him—on the Spot he selected—at the Cemetery—Right beside Mother Doyle's grave. You Know the place. Be a Mother to him:

Then: In regards to your Mother. I—Command you—to always see She gets. All the necessarys of life. Provide—her with. plenty to eat and wear. give her "all the pleasures of life you can. Dont never—let her be neglected: In any shape or form. Give her special medical Care when sick—And when—she pass's Out—Bury her—In "Our Family lot in the Jonesboro Cemetery.—See she gets a plain neat. Grave marker—for her grave.

When—I pass—Out. see that. I. Am buried—Either next to Tony—on that side —Or—put me Over on the—Other side—Give me plenty of room: See that My grave is Marked by a Single Marker and be shure—that "I get plenty of room When —I am buried—dont Crowd me—in a "Small space—please—I—likewise—Request—that you—too have a "lot in this Family spot I ask you—to use special Care In selecting A Lawyer—to attend to This Will—"Dont get some *Grafter* (as most of them are: Who will rob you Out of your Eye—teeth—"And then pretend "they are your *Friend*" A Lawyer—Is more deadlier than a Rattlesnake—So—look—Out.

I pray—and hope—You will not go thro life—Single and Alone. And that. Somewhere—"God has a Devoted Loving Husband—lotted out for you: And that you—will some Day—Enjoy All the Happiness: this old World Can afford—A "loving Husband And—Dutiful Children—And a beautifull Home—

On the other hand: Should—you never *Marry:* If Fate is so cruel to you—As to deniey you this happiness I. Want you—Then—to make a Will—(So as to protect. Your Mother & Tony) Should they—yet be living.

And—leave—Everything—to provide for them. thro life—

Then. stipulate in your Will—After their Death's—That all this property—

Shall—go—to—Charity. Give—Everything to Charity

Dont give 1 cent to Kin-folks—Priest's —nor Preacher's—nor—any Churche's— Remember—give—where—It will do go— Reach out to.—the Suffering—helpless—& sick people. And let. this. property—I leave you Do some good: So I recommend Charity—Not. Kin-Folks—

Just because I'm passed on—I—Expect you to hold to all—I've—Requested I have herein made—And I. do hope and pray— You have the Grand Noble Spirit—to Carry them out to a letter. I hope God: In Heaven

Will Always watch over you. And Give you His Protection.

Your True. Loving—best Friend
Rosa Doyle—Nolan
Doyle Ranch Ireland Tex
November 23/ 1940."

It is to be noted that the date on the letter is the same as the date on the will.

As to the first two contentions of contestants, we hold that Texas Law does not require a holographic will to be dated or witnessed, therefore the failure of the Trial Court to submit to the jury issues as to the date and attestation presents no error.

The evidence is overwhelming that the will was wholly, including signature, in testatrix' handwriting, exclusive of the signatures of the two witnesses. There is positive and direct proof that the will was signed in the fall of 1940, aside from the date appearing on the will. There was proof that testatrix was of sound mind on the date she signed the will, and from 1907 to 1953 when she had a stroke. In fact, there is no evidence that she was ever otherwise. The will refers to the proponent as now living on the Doyle ranch. Other evidence is to the effect that proponent has lived on the Doyle Ranch since 1928. There is evidence that testatrix told at least four people at various times after 1940 that she had made a will and had willed her property to proponent. Contestants have offered no evidence whatsoever that the will was signed at any other time than the date thereon, or that the date of the will was wrong, or that testatrix was ever of unsound mind.

While we believe that the will was dated by testatrix, and that she wrote the word *"Witness"* thereon, this is immaterial, as are the signatures of the two witnesses, because it is undisputed that the balance of the instrument and the signature of testatrix were written by testatrix. The date and word *"Witness"* and the signatures of the two witnesses are not requisite to a valid will as set out in the provisions of Article 8283, R.C.S., Vernon's Ann.Civ. St. art. 8283, and the will is susceptible to probate as a holographic will. A case precisely in point is Price v. Taliaferro, Tex. Civ.App., 254 S.W.2d 157 W/E Ref. NRE. See also: 44 Tex.Jur. p. 658; Maul v. Williams, Tex.Com.App., 69 S.W.2d 1107; Id., 124 Tex. 408, 78 S.W.2d 164; Id., Tex.Civ. App., 88 S.W.2d 1087.

Contestants' 5th point complains of the refusal of the Trial Court to grant their second motion for continuance. This motion was predicated primarily on the desire to give C. Gordon Martin, a handwriting expert, more time to examine and analyze the will. The record reflects that the will had been withdrawn for examination by Mr. Martin. Instead of Mr. Martin appearing and testifying, contestants filed this second motion for continuance. There was no showing then or on the motion for new trial what, if anything, the handwriting expert could testify to helpful to contestants. Further, the granting or refusing of a second motion for continuance is a matter in the discretion of the Trial Court, which will not be disturbed in the absence of a clear showing of an abuse of such discretion. No such abuse is here shown.

No error appearing herein, all of contestants' points are overruled and the judgment of the Trial Court is affirmed.