**In the Matter of the ESTATE OF Martha JANSA, Deceased.**

No. 07–82–0391–CV.

Court of Appeals of Texas, Amarillo.

May 15, 1984.

Neal & McBeath, P.C., Marc McBeath and Paul Scott, Vernon, for appellant.

Bird & Bird, Richard D. Bird, Childress, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

This is an appeal from an order of the 46th District Court of Wilbarger County which denied a motion for summary judgment filed by appellant Steve Jansa and granted a motion for summary judgment filed by appellee, Hubert Jansa. We affirm the action of the trial court.

As might be expected from the above recitation, the parties have entered into an agreed statement of facts. The pertinent portion of that stipulation reveals that Martha Jansa died testate in Wilbarger County, Texas. On or about June 10, 1959 she executed a will naming her two sons, J.B. Jansa and Hubert Jansa, as independent executors of her will and leaving all of her property to them. The will was found in her safety deposit box at the Wagoner National Bank.

At the same time the above will was discovered, there was also discovered in the box the two instruments here in question. It is the contention of appellant, a grandson of the deceased, that the two instruments together constitute a valid holographic codicil to the will. These two instruments contain identical language purporting to leave the home of the deceased to appellant, if he survived her, with the remainder to her two sons.

However, one of the instruments was entirely in the handwriting of the deceased but was not signed by her, and the other instrument was signed by the deceased but, except for that signature, was entirely typewritten. Neither of the instruments was attested to by witnesses. It is the position of appellant that the handwritten portions of the two instruments must be taken together and, when taken together, constitute a valid holographic codicil to the will.

A codicil is a testamentary writing that is supplementary to an earlier testamentary writing, *Heidenheimer v. Bauman*, 84 Tex. 174, 19 S.W. 382 (1892), and, as appellant acknowledges, must be executed with the formalities required in the

making of a will. Tex.Prob.Code Ann. 59 (Vernon 1980) provides:

> Every last will and testament, except where otherwise provided by law, shall be in writing and *signed by the testator* in person or by another person for him by his direction and in his presence and shall, *if not wholly in the handwriting of the testator,* be attested by two or more credible witnesses above the age of fourteen years ... (emphasis added).

Section 60 of the Probate Code defines a holographic will as one "wholly in the handwriting of the testator" and specifically provides that in that event no attestation by subscribing witnesses is necessary.

It is uncontroverted that the handwritten document is not signed by the deceased and that the typewritten document, although signed, was not executed before the requisite witnesses. Appellant acknowledges that neither instrument by itself is sufficient to constitute a valid codicil. However, he points out, both instruments are repetitive, word for word and were found in the safety deposit box with her last will and testament. Therefore, he argues, these instruments should be construed as a two page codicil containing "some surplus, repetitive wording that can be disregarded leaving a valid holographic codicil." In support of this position he places primary emphasis upon the cases of *Lane v. Sherrill,* 614 S.W.2d 619 (Tex.Civ.App.—Austin 1981, no writ); *Watkins v. Boykin,* 536 S.W.2d 400 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.); *Maul v. Williams,* 69 S.W.2d 1107 (Tex.Comm'n.App.1934, holding approved); and *Kramer v. Crout,* 279 S.W.2d 932 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.). We think the holding in these cases can be distinguished from the question presented in the instant case.

In *Lane v. Sherrill, supra,* the question presented was whether the trial court acted correctly in construing two holographic wills of different dates, as one will. In that context the court stated that a holographic will should be liberally construed to effect the testator's intent and held that the trial court acted correctly in its con-

struction. However, examination of that opinion reveals that each of the two instruments, independently, met the statutory prerequisites for a valid holographic will, a condition not existent here.

In *Maul v. Williams, supra,* and in *Watkins v. Boykin, supra,* the question presented was whether presence of certain non-handwritten portions of a tendered holographic will was sufficient to prevent probate. In those cases, the rule was enunciated and followed that a testamentary instrument otherwise sufficient to constitute a valid holographic will would not be denied probate if the non-handwritten words "are not necessary to complete the instrument in holographic form, and do not affect its meaning." *Maul, supra* at 1109–1110. The holographic instrument there under consideration met the statutory requirement of being signed by the testators somewhere in the instrument and, without the typewritten portion, met all statutory requirements of a valid holographic will. Again, this is a condition not here existent.

In *Kramer v. Crout, supra,* the instrument under consideration, as the court pointed out, was wholly (including signature) in the handwriting of the deceased with the exception of the signatures of two witnesses and, possibly, the date and the word "witness" above the signatures of the two witnesses. The court held, that since none of the above portions which were arguably not in the testator's handwriting, were essential to the validity of a holographic will, the will was valid. The facts in *Kramer* are also different from those with which we are presented.

■ In summary, none of the authorities cited by appellant support the proposition that two separate instruments, each statutorily deficient, because of propinquity and identity of language, should be joined together to effectuate a valid testamentary instrument. We do not believe, in the face of the clear statutory requirements and the need to ensure the validity of testamentary dispositions, we would be justified in enunciating any such rule.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.