In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00151-CV
______________________________


Â 
Â 
IN RE: THE ESTATE OF NADINE CAPPS, DECEASED
Â 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court
Upshur County, Texas
Trial Court No. 6668


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â The trial court found that, though Nadine Capps' will was gone, her determination had
remained that her property be distributed as directed by her will. The court therefore admitted it to
probate as a valid holographic will and appointed Devon Roberts as administrator of Capps' estate.
Â Â Â Â Â Â Â Â Â Â Â Â Urging eleven points of error, Truman Bishop, as temporary administrator


 of Capps' estate,
and Hulene B. Parvar, in her own right, jointly appeal. The first six points of error all spring from
the fact the original will was not found: they assert the evidence was insufficient to show either the
cause for nonproduction of the original will or that the will had not been revoked. Points seven
through ten all relate to the preparation or execution of the will: they assert the evidence is
insufficient to show either the will's proper execution or that it was wholly in Capps' hand. Point
eleven asserts that, because admitting the will to probate was error, appointing Roberts, rather than
Bishop, as personal representative of the estate was also error.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court because we hold (1) the material evidence was
sufficient to overcome the absence of the original will, since the material evidence sufficiently
(A)Â showed the cause of nonproduction and (B) showed the will was not revoked (and rebutted the
presumption that it was), (2)Â the evidence was sufficient to show the will was wholly in Capps'
handwriting, and (3)Â the selection of personal representative was correct.
1. The Material Evidence Was Sufficient To Overcome the Absence of the Original Will
Â Â Â Â Â Â Â Â Â Â Â Â To probate a will that cannot be produced in court, the proponent must prove the same things
required for an attested or a holographic will by Section 84 of the Texas Probate Code, discussed
later in this opinion, and must also prove (1) that the will was duly executed, (2) why the original
will Â was Â not Â produced Â and Â that Â the Â proponent Â could Â not Â produce Â it Â by Â reasonable Â diligence,
and (3) the contents of the will. Tex. Prob. Code Ann. Â§Â 85 (Vernon 2003); Coulson v. Sheppard,
700 S.W.2d 336, 337 (Tex. App.âCorpus Christi 1985, no writ).
Â Â Â Â Â Â Â Â Â Â Â Â A. There Was Sufficient Evidence of the Cause of Nonproduction
Â Â Â Â Â Â Â Â Â Â Â Â Bishop's and Parvar's initial contention is that the evidence does not support the court's
findings on the cause of nonproduction of the original document. The trial court's findings of fact
after a bench trial are reviewable for legal and factual sufficiency by the same standards applied in
reviewing the evidence supporting a jury's answer. Hitzelberger v. Samedan Oil Corp., 948 S.W.2d
497, 503 (Tex. App.âWaco 1997, writ denied). When a party challenges the legal sufficiency of
the evidence to support a finding favoring the party who had the burden of proof on that finding, we
must overrule the challenge if, considering only the evidence and inferences which support the
finding in the light most favorable to the finding and disregarding evidence and inferences to the
contrary, any probative evidence supports it. Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928
(Tex. 1993).
Â Â Â Â Â Â Â Â Â Â Â Â Two separate photocopies of the document as executed were tendered to the court; and Sue
Roberts testified that she had, as Capps had directed, placed those two photocopies in locations
where they could be easily found by principal devisees after Capps' death. Sue Adams testified 
these were photocopies she had made of the document she had notarized. There was testimony that
Capps apparently kept the original and that, despite a thorough search of the house, the original had
not been located. The evidence showed Capps kept in the house a metal box that typically contained
her important records and, though that box was found and searched, the will was not found there,
either. The evidence is sufficient to show that the document produced was the will written and
signed by Capps and that, despite a diligent search, the original was not found. The will's contents
were adequately proven, and the court's findings of fact and conclusions of law on that matter are
supported by the evidence.
Â Â Â Â Â Â Â Â Â Â Â Â B. There Was Sufficient Evidence To Show Nonrevocation and To Rebut the Presumption
of Revocation of a Lost Will
Â Â Â Â Â Â Â Â Â Â Â Â A central question to this case is whether the failure to locate the original, which was last
seen in the possession of Capps, requires the conclusion she revoked the will by destroying it. The
proponent of the will is required to meet his or her burden of proving the will has not been revoked. 
See Tex. Prob. Code Ann. Â§ 88(b)(3) (Vernon 2003) (to obtain probate of will, proponent must
satisfy court that will was not revoked).
Â Â Â Â Â Â Â Â Â Â Â Â Bishop and Parvar argue that, because there was no proof that Capps did not revoke the will
by destruction, the presumption should stand. True, an original will's absence creates a rebuttable
presumption of revocation; but that presumption can be overcome by proof and circumstances
contrary to the presumption or that it was fraudulently destroyed by some other person. Bailey v.
Bailey, 171 S.W.2d 162, 165 (Tex. Civ. App.âAmarillo 1943, no writ).



Â Â Â Â Â Â Â Â Â Â Â Â Under the standard sufficiency analysis rule, which applies now in Texas, we look to see
whether the evidence was sufficient to "prove to the satisfaction of the court" that the will was not
revoked. See Tex. Prob. Code Ann. Â§ 88(b) (Vernon 2003). The testimony of a witness that, to
her knowledge or belief, the testator did not revoke the will has been held sufficient evidence of
nonrevocation to support probate of the will. See Cason v. Taylor, 51 S.W.3d 397, 407 (Tex.
App.âWaco 2001, no pet.); Bryant v. Hamlin, 373 S.W.2d 837, 840 (Tex. Civ. App.âDallas 1963,
writ ref'd n.r.e.). Evidence that a decedent, after execution, recognized the will's continued validity
and had continued affection for the chief beneficiary thereunder, without evidence tending to show
the decedent's dissatisfaction with the will or any desire to cancel or change the will, has been held
sufficient to rebut the presumption of revocation of a missing original will. See Sparkman v.
Massey's Estate, 297 S.W.2d 308 (Tex. Civ. App.âDallas 1956, writ ref'd n.r.e.).
Â Â Â Â Â Â Â Â Â Â Â Â The record in this case contains no evidence of revocation or destruction of the will. In that
respect, the evidence shows nothing more than the fact that, despite a search, the original document
was not found. Thus, the presumption of revocation exists and must be overcome by a
preponderance of the evidence. Glover, 744 S.W.2d at 940.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, while there is no direct evidence Capps did not revoke the will, there was
sufficient evidence to rebut the presumption of its revocation. Witnesses testified Capps directed
that copies of the will, as executed, be placed with major devisees referenced in the will, the church
and Sue Roberts; that Capps, at a church business meeting, had publically announced her intentions
of leaving her property essentially as set out in the will; that she had also told others, including Jo
Nell Ford and Sue Roberts, of her intent to leave her property essentially as set out in the will; that
she set up certificates of deposit at the bank consistent with her statements in the will, and those
dispositions were carried out, apparently unchanged, after her death; that she continued to have
affection for the devisees named in the will with no "falling out"; that she subsequently did not
express or intimate any contrary intention regarding her testamentary intent or regarding the
disposition of her property; and that she was the type of person who would have informed others had
she decided to revoke or change her will.
Â Â Â Â Â Â Â Â Â Â Â Â Bishop and Parvar contend this evidence is not sufficient to support the court's decision. In
their argument, they rely in part on language in Bailey stating that evidence of continued affection
of a testator was not of any "material significance" to prove that he did not destroy his will, which
had disappeared. See Berry v. Griffin, 531 S.W.2d 394, 397 (Tex. Civ. AppâHouston [14th Dist.]
1975, writ ref'd n.r.e.) (evidence of continued affection, standing alone, insufficient and of no
material significance, citing Bailey as authority, but also applying the clear and convincing evidence
standard). The evidence of Capps' continued affection for the Robertses and her church most
certainly did not stand alone, and the standard of proof is now preponderance of the evidence, not
clear and convincing evidence. See Glover, 744 S.W.2d at 940.
Â Â Â Â Â Â Â Â Â Â Â Â Under these facts, there is sufficient material evidence to support the trial court's findings of
the reason for nonproduction and that the will had not been revoked. We overrule points of error
one through six.
2. Â The Evidence Was Sufficient To Show the Will Was Wholly in Capps' Handwriting
Â Â Â Â Â Â Â Â Â Â Â Â The document at bar is handwritten and is dated July 10, 1996. It purports to devise



property, not of one, but of two people, Ola Maye Capps and Nadine Capps.


 The handwriting is
consistent with the signature of Nadine Capps, and the document was signed by both Nadine and Ola
Maye and contains an acknowledgment of a notary public.
Â Â Â Â Â Â Â Â Â Â Â Â Bishop and Parvar attack the probate of the will by asserting, in points of error seven and
eight, that it was not properly executed as a witnessed will, and in points nine and ten, that the
evidence was not sufficient that the will was wholly in Capps' hand. We address the will, not as a
witnessed will,


 but as a holograph since the trial court found it to be a holograph and we deem that
issue dispositive here.
Â Â Â Â Â Â Â Â Â Â Â Â To show a valid holographic will, the proponent has the burden of proving that the instrument
is wholly in the testator's handwriting. Trim v. Daniels, 862 S.W.2d 8, 10 (Tex. App.âHouston [1st
Dist.] 1992, writ denied). "If not self proved . . . a will wholly in the handwriting of the testator may
be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or
affidavit taken in open court." Lopez v. Hansen, 947 S.W.2d 587, 589 (Tex. App.âHouston [1st
Dist.] 1997, no writ).
Â Â Â Â Â Â Â Â Â Â Â Â A testamentary instrument, intended by the testator as holographic, will be enforced as such,
although it contains words not in the handwriting of the testator, if such other words are not
necessary to complete the instrument and do not affect its meaning. Maul v. Williams, 69 S.W.2d
1107, 1109â110 (Tex. Comm'n App. 1934, holding approved); Watkins v. Boykin, 536 S.W.2d 400
(Tex. Civ. App.âEl Paso 1976, writ ref'd n.r.e.); Kramer v. Crout, 279 S.W.2d 932 (Tex. Civ.
App.âWaco 1955, writ ref'd n.r.e.). See generally In re Estate of Jansa, 670 S.W.2d 767, 768 (Tex.
App.âAmarillo 1984, no writ). For our purposes, the document's material which is in other than
Capps' handwriting consists of Ola Maye's signature, the acknowledgment, and the notary public's
signature; those are surplusage to a valid holograph.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, a number of witnesses examined the photocopy of the will in evidence, testified
as to their familiarity with Capps' handwriting, and identified the handwriting of the will as hers. 
Their testimony, in sum, was that all the dispositive portions of the document were written in Capps'
hand, and it was signed by her. This is sufficient to support probate as a holographic will, and there
is no evidence to the contrary. We overrule points of error seven through ten.
3. The Selection of Personal Representative Is Correct
Â Â Â Â Â Â Â Â Â Â Â Â In the eleventh and final point of error, Bishop and Parvar allege the court erred by
appointing Devon Roberts as the administrator pursuant to the will. Because we have concluded 
the will was properly probated, this point also fails, because it is based on the assertion that the will
was improperly probated.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â November 16, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â December 15, 2004



od @7 21600 pixelWidth"/>
 
 
 
 
 
 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00208-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ZACHARY WAYNE LAWSON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the Fifth
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Cass County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 2007F00239

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Zachary
Wayne Lawson attempts to appeal his convictions for possession of a controlled
substance.Â  LawsonÂs sentences were
imposed December 4, 2009.Â  His motion for
new trial and notice of appeal were filed October 27, 2010.Â  We received the clerkÂs record November 18,
2010.Â  The issue before us is whether
Lawson timely filed his notice of appeal.Â 
We conclude that he did not and dismiss the attempted appeal for want of
jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â  A timely
notice of appeal is necessary to invoke this CourtÂs jurisdiction.Â  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).Â  Rule 26.2(a) of the Texas Rules of Appellate
Procedure prescribes the time period in which a notice of appeal must be filed
by a defendant in order to perfect appeal in a criminal case.Â Â  A defendantÂs notice of appeal is timely if
filed within thirty days after the day sentence is imposed or suspended in open
court, or within ninety days after sentencing if the defendant timely files a
motion for new trial.Â  Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Because
LawsonÂs sentence was imposed December 4, 2009, and both his motion for new
trial and notice of appeal were not filed until October 27, 2010, almost a year
later, Lawson has failed to perfect his appeal.Â 
Accordingly, we dismiss the appeal for want of jurisdiction.

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
23, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November
24, 2010

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 

Â 

Â 

Â