In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00151-CV
______________________________


 
 
IN RE: THE ESTATE OF NADINE CAPPS, DECEASED
 
 




On Appeal from the County Court
Upshur County, Texas
Trial Court No. 6668






Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
            The trial court found that, though Nadine Capps' will was gone, her determination had
remained that her property be distributed as directed by her will. The court therefore admitted it to
probate as a valid holographic will and appointed Devon Roberts as administrator of Capps' estate.
            Urging eleven points of error, Truman Bishop, as temporary administrator


 of Capps' estate,
and Hulene B. Parvar, in her own right, jointly appeal. The first six points of error all spring from
the fact the original will was not found: they assert the evidence was insufficient to show either the
cause for nonproduction of the original will or that the will had not been revoked. Points seven
through ten all relate to the preparation or execution of the will: they assert the evidence is
insufficient to show either the will's proper execution or that it was wholly in Capps' hand. Point
eleven asserts that, because admitting the will to probate was error, appointing Roberts, rather than
Bishop, as personal representative of the estate was also error.
            We affirm the judgment of the trial court because we hold (1) the material evidence was
sufficient to overcome the absence of the original will, since the material evidence sufficiently
(A) showed the cause of nonproduction and (B) showed the will was not revoked (and rebutted the
presumption that it was), (2) the evidence was sufficient to show the will was wholly in Capps'
handwriting, and (3) the selection of personal representative was correct.
1. The Material Evidence Was Sufficient To Overcome the Absence of the Original Will
            To probate a will that cannot be produced in court, the proponent must prove the same things
required for an attested or a holographic will by Section 84 of the Texas Probate Code, discussed
later in this opinion, and must also prove (1) that the will was duly executed, (2) why the original
will was not produced and that the proponent could not produce it by reasonable diligence, and
(3) the contents of the will. Tex. Prob. Code Ann. § 85 (Vernon 2003); Coulson v. Sheppard, 700
S.W.2d 336, 337 (Tex. App.—Corpus Christi 1985, no writ).
            A. There Was Sufficient Evidence of the Cause of Nonproduction
            Bishop's and Parvar's initial contention is that the evidence does not support the court's
findings on the cause of nonproduction of the original document. The trial court's findings of fact
after a bench trial are reviewable for legal and factual sufficiency by the same standards applied in
reviewing the evidence supporting a jury's answer. Hitzelberger v. Samedan Oil Corp., 948 S.W.2d
497, 503 (Tex. App.—Waco 1997, writ denied). When a party challenges the legal sufficiency of
the evidence to support a finding favoring the party who had the burden of proof on that finding, we
must overrule the challenge if, considering only the evidence and inferences which support the
finding in the light most favorable to the finding and disregarding evidence and inferences to the
contrary, any probative evidence supports it. Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928
(Tex. 1993).
            Two separate photocopies of the purported will were referred to at trial. Sue Roberts testified
(1) that several weeks after the will was prepared and signed, Capps gave her what Mrs. Roberts
during her direct testimony called "the will," trial exhibit P-1; (2) that, at Capps' direction, Mrs.
Roberts made a photocopy of that document and placed the photocopy in the church's records; and
(3) that, also at Capps' direction to put it where it would be safe, Mrs. Roberts locked "the will" in
a file cabinet, where it stayed until Capps' death. On cross-examination, Mrs. Roberts agreed that
exhibit P-1—the document Mrs. Roberts received from Capps and locked in the file
cabinet—appeared to be, not "the will," but a photocopy of the original will. There was testimony
that Capps apparently kept the original and that, despite a thorough search of the house, the original
had not been located. The evidence showed Capps kept in the house a metal box that typically
contained her important records and, though that box was found and searched, the will was not found
there, either. The evidence is sufficient to show that the document produced was an accurate
photocopy of the will written and signed by Capps and that, despite a diligent search, the original
was not found. That is a sufficient explanation of the cause of the nonproduction of the original will,
and the court's findings of fact and conclusions of law on that matter are supported by the evidence.
            B. There Was Sufficient Evidence To Show Nonrevocation and To Rebut the Presumption
of Revocation of a Lost Will
            A central question to this case is whether the failure to locate the original, which was last
seen in the possession of Capps, requires the conclusion she revoked the will by destroying it. The
proponent of the will is required to meet his or her burden of proving the will has not been revoked. 
See Tex. Prob. Code Ann. § 88(b)(3) (Vernon 2003) (to obtain probate of will, proponent must
satisfy court that will was not revoked).
            Bishop and Parvar argue that, because there was no proof that Capps did not revoke the will
by destruction, the presumption should stand. True, an original will's absence creates a rebuttable
presumption of revocation; but that presumption can be overcome by proof and circumstances
contrary to the presumption or that it was fraudulently destroyed by some other person. Bailey v.
Bailey, 171 S.W.2d 162, 165 (Tex. Civ. App.—Amarillo 1943, no writ).



            Under the standard sufficiency analysis rule, which applies now in Texas, we look to see
whether the evidence was sufficient to "prove to the satisfaction of the court" that the will was not
revoked. See Tex. Prob. Code Ann. § 88(b) (Vernon 2003). The testimony of a witness that, to
her knowledge or belief, the testator did not revoke the will has been held sufficient evidence of
nonrevocation to support probate of the will. See Cason v. Taylor, 51 S.W.3d 397, 407 (Tex.
App.—Waco 2001, no pet.); Bryant v. Hamlin, 373 S.W.2d 837, 840 (Tex. Civ. App.—Dallas 1963,
writ ref'd n.r.e.). Evidence that a decedent, after execution, recognized the will's continued validity
and had continued affection for the chief beneficiary thereunder, without evidence tending to show
the decedent's dissatisfaction with the will or any desire to cancel or change the will, has been held
sufficient to rebut the presumption of revocation of a missing original will. See Sparkman v.
Massey's Estate, 297 S.W.2d 308 (Tex. Civ. App.—Dallas 1956, writ ref'd n.r.e.).
            The record in this case contains no evidence of revocation or destruction of the will. In that
respect, the evidence shows nothing more than the fact that, despite a search, the original document
was not found. Thus, the presumption of revocation exists and must be overcome by a
preponderance of the evidence. Glover, 744 S.W.2d at 940.
            In this case, while there is no direct evidence Capps did not revoke the will, there was
sufficient evidence to rebut the presumption of its revocation. The evidence showed that Capps
arranged for copies of the will, as executed, to be placed with major devisees referenced in the will,
the church and Sue Roberts; that Capps, at a church business meeting, had publically announced her
intentions of leaving her property essentially as set out in the will; that she had also told others,
including Jo Nell Ford and Sue Roberts, of her intent to leave her property essentially as set out in
the will; that she set up certificates of deposit at the bank consistent with her statements in the will,
and those dispositions were carried out, apparently unchanged, after her death; that she continued
to have affection for the devisees named in the will with no "falling out"; that she subsequently did
not express or intimate any contrary intention regarding her testamentary intent or regarding the
disposition of her property; and that she was the type of person who would have informed others had
she decided to revoke or change her will.
            Bishop and Parvar contend this evidence is not sufficient to support the court's decision. In
their argument, they rely in part on language in Bailey stating that evidence of continued affection
of a testator was not of any "material significance" to prove that he did not destroy his will, which
had disappeared. See Berry v. Griffin, 531 S.W.2d 394, 397 (Tex. Civ. App—Houston [14th Dist.]
1975, writ ref'd n.r.e.) (evidence of continued affection, standing alone, insufficient and of no
material significance, citing Bailey as authority, but also applying the clear and convincing evidence
standard). The evidence of Capps' continued affection for the Robertses and her church most
certainly did not stand alone, and the standard of proof is now preponderance of the evidence, not
clear and convincing evidence. See Glover, 744 S.W.2d at 940.
            Under these facts, there is sufficient material evidence to support the trial court's findings of
the reason for nonproduction and that the will had not been revoked. We overrule points of error
one through six.
2.  The Evidence Was Sufficient To Show the Will Was Wholly in Capps' Handwriting
            The document at bar is handwritten and is dated July 10, 1996. It purports to devise



property, not of one, but of two people, Ola Maye Capps and Nadine Capps.


 The handwriting is
consistent with the signature of Nadine Capps, and the document was signed by both Nadine and Ola
Maye and contains an acknowledgment of a notary public.
            Bishop and Parvar attack the probate of the will by asserting, in points of error seven and
eight, that it was not properly executed as a witnessed will, and in points nine and ten, that the
evidence was not sufficient that the will was wholly in Capps' hand. We address the will, not as a
witnessed will,


 but as a holograph since the trial court found it to be a holograph and we deem that
issue dispositive here.
            To show a valid holographic will, the proponent has the burden of proving that the instrument
is wholly in the testator's handwriting. Trim v. Daniels, 862 S.W.2d 8, 10 (Tex. App.—Houston [1st
Dist.] 1992, writ denied). "If not self proved . . . a will wholly in the handwriting of the testator may
be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or
affidavit taken in open court." Lopez v. Hansen, 947 S.W.2d 587, 589 (Tex. App.—Houston [1st
Dist.] 1997, no writ).
            A testamentary instrument, intended by the testator as holographic, will be enforced as such,
although it contains words not in the handwriting of the testator, if such other words are not
necessary to complete the instrument and do not affect its meaning. Maul v. Williams, 69 S.W.2d
1107, 1109–110 (Tex. Comm'n App. 1934, holding approved); Watkins v. Boykin, 536 S.W.2d 400
(Tex. Civ. App.—El Paso 1976, writ ref'd n.r.e.); Kramer v. Crout, 279 S.W.2d 932 (Tex. Civ.
App.—Waco 1955, writ ref'd n.r.e.). See generally In re Estate of Jansa, 670 S.W.2d 767, 768 (Tex.
App.—Amarillo 1984, no writ). For our purposes, the document's material which is in other than
Capps' handwriting consists of Ola Maye's signature, the acknowledgment, and the notary public's
signature; those are surplusage to a valid holograph.
            In this case, a number of witnesses examined the photocopy of the will in evidence, testified
as to their familiarity with Capps' handwriting, and identified the handwriting of the will as hers. 
Their testimony, in sum, was that all the dispositive portions of the document were written in Capps'
hand, and it was signed by her. This is sufficient to support probate as a holographic will, and there
is no evidence to the contrary. We overrule points of error seven through ten.
3. The Selection of Personal Representative Is Correct
            In the eleventh and final point of error, Bishop and Parvar allege the court erred by
appointing Devon Roberts as the administrator pursuant to the will. Because we have concluded 
the will was properly probated, this point also fails, because it is based on the assertion that the will
was improperly probated.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice
Date Submitted:          November 16, 2004
Date Decided:             January 6, 2005