**Opinion issued May 9, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00492-CV

_____

**CLIFFORD KENNETH PHILLIPS, Appellant**

**V.**

**BARBARA JEAN COPELAND, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 61765I**

---

## MEMORANDUM OPINION

Clifford Kenneth Phillips appeals from the trial court's summary judgment in favor of Barbara Jean Copeland, who is Phillips's sister. Phillips sued Copeland under the Texas Theft Liability Act, alleging that Copeland unlawfully

appropriated his property, a mobile home and the personal property contained therein. Phillips contended below that he originally owned the mobile home, but that, before he was incarcerated, he transferred ownership of the mobile home and its contents to his parents with the expectation that they would bequeath it to him in their wills. When Phillips discovered that Copeland, on behalf of their mother and under a power of attorney, had transferred the title to the mobile home to R & C Rental Partnership, LLC, Phillips sued Copeland. In two points of error, Phillips argues that the trial court erroneously granted summary judgment in Copeland's favor. We affirm.

## Background

In December 1990, Phillips bought a used Fleetwood Mobile Home from Continental Mobile Homes. Phillips admits that although he originally owned the mobile home, he transferred ownership of the mobile home to his parents before he was incarcerated. However, Phillips contends that his parents agreed to leave him the mobile home upon their deaths. In September 2008, while Phillips was still incarcerated, the mobile home was damaged in Hurricane Ike. Phillips's parents received $4,473.31 from the insurance company for the damage to the mobile home.

In October 2008, Phillips's mother executed a durable power of attorney appointing her husband as attorney-in-fact and Copeland as successor attorney-in-

2

fact. Phillips's father passed away in February 2009, and his Last Will and Testament, dated November 19, 2008, was admitted to probate in Union County, Iowa. Under the terms of the will, Phillips's mother received all of Phillips's father's real and personal property. The will did not mention the mobile home and did not purport to leave the mobile home to Phillips.

In June 2009, Copeland, pursuant to her authority as attorney-in-fact for their mother under the power of attorney, conveyed the mobile home to R & C Rental Partnership, LLC. After learning of this conveyance, Phillips sued Copeland under the Texas Theft Liability Act, Chapter 134 of the Texas Civil Practice and Remedies Code, alleging that she had unlawfully appropriated property, consisting of the mobile home and the personal property contained therein, belonging to Phillips.

Phillips moved for summary judgment on the grounds that he had proven that he owned the mobile home and its contents and that Copeland had unlawfully appropriated them from Phillips without his consent or permission. Therefore, Phillips alleged, no genuine issue of material fact remained and he was entitled to summary judgment as a matter of law. Copeland responded that Phillips failed to conclusively establish ownership in the mobile home and its contents, and, therefore, summary judgment in his favor was not appropriate. The trial court agreed with Copeland and denied Phillips's motion on February 21, 2012.

Copeland also moved for a no-evidence and traditional summary judgment. She argued that there was no evidence of three essential elements of Phillips's theft claim: (1) that she unlawfully appropriated, secured, or stole property (2) with the intent to deprive Phillips, the alleged owner, of that property, and (3) that the property allegedly stolen had any value. She also argued that her proof (1) conclusively negated Phillips's claim that he had a possessory right to the allegedly stolen property, and (2) conclusively proved that she had a right to sell the property under a valid power of attorney. In response to Copeland's motion, Phillips argued that he had established his ownership interest in the property and that the power of attorney executed by his mother was invalid. Phillips also argued that it was never the intent of his parents to sell or dispose of the mobile home; rather, his parents intended him to get the property back on their deaths. The trial court granted Copeland's motion for summary judgment. Phillips appealed.

## Discussion

### A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When a party has filed both a traditional and a proper no-evidence summary judgment motion, we first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 375

4

(Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Essex Crane*, 371 S.W.3d at 375; *Hahn*, 321 S.W.3d at 325. "The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements." *Essex Crane*, 371 S.W.3d at 375 (quoting *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to

5

judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

**B.     Applicable Law**

Under the Texas Theft Liability Act, a person who commits theft—which includes the unlawful appropriation of property under section 31.03 of the Penal Code—is liable for the damages resulting from the theft. TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.002, 134.003 (West 2011). A theft occurs when (1) property is (2) unlawfully appropriated (3) by someone (4) with intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012); *Anderson v. State*, 322 S.W.3d 401, 407 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

**C.     Analysis**

In order to defeat Copeland's no-evidence motion on Phillips's Texas Theft Liability Act claim, Phillips was required to establish that he was the owner of the property allegedly unlawfully appropriated. *See* TEX. PENAL CODE ANN. § 31.03(a) ("A person commits an offense if he unlawfully appropriates property with intent to deprive the *owner* of property."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005 (West 2011) (providing for recovery of damages for victim

6

of theft). Phillips failed to adduce evidence sufficient to raise a fact issue on this element.[1]

In his response to Copeland's motion for summary judgment, Phillips points to four pieces of evidence that he contends raise a fact issue as to his ownership interest: (1) his father's will; (2) two typed and unsigned "codicils" to his father's will, which Phillips claims established his possessory interest in the mobile home and its contents; (3) Phillips's previously-filed unsworn declaration explaining that the ownership of the mobile home would revert back to him upon the death of his parents; and (4) a 2007 letter written by his parents to the Texas Board of Parsons and Parole. We address each of these in turn.

First, Phillips's reliance on his father's will, dated November 19, 2008, does not create a fact question as to ownership because the will does not mention the mobile home, or its contents, and it does not purport to bequeath the mobile home, or its contents, to Phillips. In fact, Phillips's father's will specifically states that he bequeaths all of his property, whether real, personal, or mixed, to his wife, Jeannette Phillips. No property is specifically bequeathed to Phillips; any bequest

---

[1] We note that in his response to Copeland's motion and in his appellate brief, Phillips admitted that he transferred ownership of the mobile home to his parents, but he states that the ownership was to revert back to Phillips upon the death of his parents. Considering his arguments on appeal in light of this admission, we construe Phillips's arguments relating to his ownership interest in this property as twofold: (1) he had an ownership interest in the property based on an expectation of inheritance; and (2) he actually inherited this property, under the terms of his father's will and codicils, following his father's death.

to Phillips is contingent upon Phillips's mother predeceasing Phillip's father. Therefore, even if we take as true Phillip's assertion that he transferred ownership of the mobile home to his father with the understanding that he was to receive the property after his father's death, Phillips is not entitled to the mobile home under the provisions of his father's will as all of Phillips's father's property went to Phillips's mother.

Second, Phillips points this court to two "codicils" to his father's will in support of his assertion that he raised a fact issue regarding his ownership interest in the mobile home and personal property. The first purported codicil is an unsigned typed document setting forth several "special requests" related to Phillips in the event he should still be incarcerated following the death of his parents. The document directed that Phillips was to be buried next to his parents on his death; noted from where his remains were to be retrieved; requested that a stone be placed on his grave; and directed that Phillips is to receive $200 per month from his inheritance while he is in prison. The second purported codicil is also an unsigned typed document and identifies the location of certain property, including Phillips's father's coin and stamp collections, magazines, tools, toys, and furniture. This document states that this property should be held for Phillips and that nothing should be disposed of without his consent. Finally, the document notes the location of the mobile home and the amount and due date of the monthly rent.

Neither of the purported "codicils" is signed by Phillips's father, dated, or attested to by witnesses. Furthermore, although one of the "codicils" indicates that it was "Rcvd 6-18-05," this is three years before the date of Phillips's father's will. A codicil is a testamentary writing that is supplementary to an earlier testamentary writing and must be executed with the formalities required in the making of a will. *Matter of Estate of Jansa*, 670 S.W.2d 767, 767–68 (Tex. App.—Amarillo 1984, no writ). The probate code requires that "[e]very last will and testament . . . shall be in writing and signed by the testator in person . . . and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses." TEX. PROB. CODE ANN. § 59(a) (West 2012). Because these "codicils" were not executed with the formalities required of a will, they are not valid codicils.

Third, Phillips presented evidence of his previously-filed unsworn declaration, in which he explained he and his parents agreed that the mobile home was to revert back to Phillips upon the death of his parents. To the extent Phillips is arguing that he had a property right in the mobile home and its contents due to the fact that he expected to inherit this property upon his father's (or mother's) death, this does not create a fact issue as to ownership because the possibility of inheritance does not create a present interest or right of title in property. *Davis v. Davis*, 734 S.W.2d 707, 709 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see also Davis v. First Nat'l Bank of Waco*, 161 S.W.2d 467, 472 (Tex.

9

1942) ("An expectant heir has no present interest or right in property that he may subsequently inherit and consequently he cannot maintain a suit for the enforcement or adjudication of a right in the property.").

Fourth, Phillips presented a letter written by his parents to the Texas Board of Pardons and Parole, which Phillips contends demonstrates his parents never intended to sell or dispose of the mobile home. The letter states that Phillips has two addresses: one in Iowa and one in Texas. His parents go on to state that they hope Phillips "will be allowed to Parole in Iowa where we, his family, have resided for the past sixty-one years." The fact that his parents stated that Philips had the option to live at a Texas address—presumably the place where the mobile home was kept—does not raise a fact issue as to Phillips's ownership interest in the mobile home or its contents.

Finally, we note that Phillips relies on several additional pieces of evidence that he did not submit with his response to Copeland's motion for summary judgment. Specifically, he points this court to the following documents: (1) a list of specific bequests to Phillips prepared by Phillips's father; (2) a July 12, 2008 letter from Phillips's father explaining the provision of his will establishing a trust for Phillips in the event Phillips is still incarcerated upon the death of Phillips's parents; (3) a November 17, 2008 letter from Phillips's father stating that his will leaves the house in Iowa to Copeland "to make up for the more than $100,000

10

we've given [Phillips];" and (4) a December 30, 2008 letter from Phillips's father stating that Phillips will receive his certificates and that all jewelry will be divided equally. Phillips submitted all of these documents to the trial court on May 31, 2011, six months before he filed his response to Copeland's motion for summary judgment, in support of his document entitled "Advisory to the Court."

Even if we were to consider this evidence to be proper summary judgment evidence, we conclude that these documents do not raise a fact issue as to Phillips's ownership interest. First, the list of specific bequests, which is signed by Phillips's father, does not mention the mobile home or its contents. Moreover, it provides for the specific bequest of certain property to Phillips only "[i]n the event my wife, Jeannette Marion Phillips, predeceases me." Here, Phillips's father predeceased Phillips's mother. As for the three letters, none reference the mobile home or its contents; they merely describe the provisions and bequests in Phillips's father's will.

Having reviewed all of the summary-judgment evidence before the trial court, we conclude that Phillips failed to present more than a scintilla of evidence raising a genuine issue of material fact as to one of the essential elements of his theft claim—his ownership interest in the mobile home and its contents. Therefore, we hold that the trial court properly granted Copeland's no-evidence motion for summary judgment. *See Essex Crane*, 371 S.W.3d at 375.

11

We overrule Phillips's two points of error.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.