Bill D. COULSON, Appellant,

v.

Thomas M. SHEPPARD, Appellee.

No. 13–85–028–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 14, 1985.

John Buck, DeLay, Buck & Sheehan, Corpus Christi, for appellant.

John C. North, North & White, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order denying probate of a written will not produced in court. Appellant was the proponent of the alleged lost will. At the conclusion of appellant's case, and after appellant rested, appellee moved for judgment. The court granted the motion, finding that TEX. PROB.CODE ANN. § 85 (Vernon 1980)[1] had been satisfied as to the contents of the will and reason for non-production, but that

1. All sections cited refer to the Texas Probate Code.

due execution of the will was not proved. We affirm.

■ This case is before us on a judgment granted at the close of appellant's case. The standard of review is the same as a case where an instructed verdict is granted in a jury trial; that is, the reviewing court must decide whether a material issue of fact has been raised, viewing only the evidence favorable to the plaintiff and indulging in every reasonable inference in the plaintiff's favor. *R.W.M. v. J.C.M.*, 684 S.W.2d 746, 747 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Kennedy v. Kennedy*, 619 S.W.2d 409, 410 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Cameron County Good Government League v. Ramon*, 619 S.W.2d 224, 226 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). If no evidence exists to support one or more of the essential elements of plaintiff's case, then no error occurred in granting the motion for judgment. *McDaniel v. Carruth*, 637 S.W.2d 498, 504–505 (Tex.App.—Corpus Christi 1982, no writ).

■ Appellant, as plaintiff in the instant case, had the burden of satisfying the requirements of Section 85 with respect to a written will not produced in court. *In re Estate of Rosborough*, 542 S.W.2d 685, 688 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). The following are the essential elements that must be proved: (1) proof that the will was duly executed as called for in Section 84; (2) proof of the cause of non-production and that the proponent is unable to produce the will by reasonable diligence; and (3) substantial proof of the contents of the will by a credible witness. Section 85. *See also Howard Hughes Medical Institute v. Neff*, 640 S.W.2d 942, 951 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *In re Estate of Simms*, 442 S.W.2d 426, 432 (Tex.Civ.App.—Texarkana 1969, writ ref'd n.r.e.).

As to element (2) above, the trial court ruled that there was satisfactory proof of the cause of non-production. There was some evidence of the contents of the will, the third element above. This came from testimony by Hazel Coulson, the sister of the deceased, that she had read the will and it was the same as the unsigned copy admitted into evidence. The unsatisfied requirement, according to the trial court, was proof that the will was duly executed [element (1) above]. The issue before us, then, under the "no evidence" standard of review, is whether any evidence existed of the due execution of the alleged lost will. In this regard, we consider appellant's two points of error.

■ In his first point of error, appellant contends that the trial court erred in refusing to admit evidence of due execution in the form of written answers to written questions by one of the witnesses to the May 4, 1979, will and by the attorney who drafted it. The basis of the court's ruling was that the requirements of TEX.R. CIV.P. 208, governing written depositions, were not satisfied.

Rule 208 sets out a very detailed procedure for deposing persons through written questions. The rule requires written notice containing specified information to be served upon all other parties in an action. The rule, in addition to other specific requirements, calls for the appointment of a deposition officer to collect the questions, administer an oath to the deponent, and otherwise conduct the deposition. The deposition is then to be filed and there to remain available for inspection by the parties to the action.

The record in this case contains no evidence that any written notice was sent. No deposition officer appears to have been appointed. In fact, appellant's attorney admitted in the record that he drove to the place of deposition and personally handed the questions to the persons to be deposed. Appellant's attorney titled the questions, and repeatedly referred to them, as "interrogatories." Further, he argued before the trial court that Rule 208 was inapplicable and that Rule 168, governing interrogatories to parties, should control. This is obviously not the case, since neither of the deponents were parties. Appellee's attorney stated that the questions and answers

were completed and filed before he even learned when the persons were to be deposed. He had no opportunity to file cross-questions. The procedural requirements of Rule 208 were clearly unsatisfied.

Appellant argues that appellee waived any objection to the form of the deposition, citing TEX.R.CIV.P. 207(3). This provision is also inapplicable. It states that objections to the form of the notice or the actions of the deposition officer are waived "[w]hen a deposition shall have been filed *and notice given* at least one entire day before the day on which the case is called ..." (emphasis added). Here, appellant failed to give any formal notice of the deposition. He cannot now claim that notice defects were waived when there was no notice to be defective. We hold that the trial court did not err in excluding this proof of execution. Appellant's first point of error is overruled.

■ Appellant argues in his only other point of error that due execution of the May 4, 1979, will need not be proved, since a codicil dated March 6, 1983, served to republish it. The alleged codicil was not introduced into evidence. It may not in any event be considered as proof of the validity of the May 4, 1979, will. Appellant's second point of error is overruled.

■ The question remains whether any evidence of due execution exists in the record. An unsigned copy of the will was admitted into evidence. It consists of four pages. The first two pages consist of the body of the will, the third page has standard recitals and spaces for the signature of the testator and witnesses, and the fourth page contains a self-proving affidavit substantially as provided for in Section 59 of the Texas Probate Code. Hazel Coulson, the sister of the deceased, testified that she had read the will in March of 1983, and that it was signed by her sister and two witnesses on page three. However, she testified that she did not remember whether page four, the self-proving affidavit, was signed. Her testimony was as follows:

Q All right. The original that you read on March 4, 1983, the fourth page can you recall whether or not there were signatures there?

A I know there was signatures on the third page, but I don't know. I really don't know.

The required proof for probate of a will is set forth in Section 88 of the Probate Code. Hazel Coulson was unable to testify that the self-proving affidavit was properly executed. Where the will is not self-proved under Section 59, the proponent must prove to the court's satisfaction that the will was executed with the proper formalities. Section 88(b)(2).

The record contains no evidence that the witnesses to the May 4, 1979, will were of the requisite age, were credible, or whether their signatures were properly executed in the presence of the testator. Section 59; *Howard Hughes Medical Institute v. Neff,* 640 S.W.2d 942, 949 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Stewart v. Long,* 394 S.W.2d 25, 29 (Tex.Civ.App.— Dallas 1965, writ ref'd n.r.e.). We find no evidence that the alleged lost will of May 4, 1979, was duly executed.

Appellee's cross-points of error do not affect the disposition of this appeal and need not be discussed.

The order of the trial court denying probate of the will is affirmed.