OPINION
 

 Opinion by
 

 Chief Justice MORRISS.
 

 The trial court found that, though Nadine Capps’ will was gone, her determination had remained that her property be distributed as directed by her will. The court therefore admitted it to probate as a valid holographic will and appointed Devon Roberts as administrator of Capps’ estate.
 

 Urging eleven points of error, Truman Bishop, as temporary administrator
 
 [1]
 
 of Capps’ estate, and Hulene B. Parvar, in her own right, jointly appeal. The first six points of error all spring from the fact the original will was not found: they assert the evidence was insufficient to show either the cause for nonproduction of the original will or that the will had not been revoked.
 
 *230
 
 Points seven through ten all relate to the preparation or execution of the mil: they assert the evidence is insufficient to show either the will’s proper execution or that it was wholly in Capps’ hand. Point eleven asserts that, because admitting the will to probate was error, appointing Roberts, rather than Bishop, as personal representative of the estate was also error.
 

 We affirm the judgment of the trial court because we hold (1) the material evidence was sufficient to overcome the absence of the original will, since the material evidence sufficiently (A) showed the cause of nonproduction and (B) showed the will was not revoked (and rebutted the presumption that it was), (2) the evidence was sufficient to show the will was wholly in Capps’ handwriting, and (3) the selection of personal representative was correct.
 

 1. The Material Evidence Was Sufficient To Overcome the Absence of the Original Will
 

 To probate a will that cannot be produced in court, the proponent must prove the same things required for an attested or a holographic will by Section 84 of the Texas Probate Code, discussed later in this opinion, and must also prove (1) that the will was duly executed, (2) why the original will was not produced and that the proponent could not produce it by reasonable diligence, and (3) the contents of the will. Tex. PROb.Code Ann. § 85 (Vernon 2003);
 
 Coulson v. Sheppard,
 
 700 S.W.2d 336, 337 (Tex.App.-Corpus Christi 1985, no writ).
 

 A
 
 There Was Sufficient Evidence of the Cause of Nonproduction
 

 Bishop’s and Parvar’s initial contention is that the evidence does not support the court’s findings on the cause of nonproduetion of the original document. The trial court’s findings of fact after a bench trial are reviewable for legal and factual sufficiency by the same standards applied in reviewing the evidence supporting a jury’s answer.
 
 Hitzelberger v. Samedan Oil Corp.,
 
 948 S.W.2d 497, 503 (Tex.App.-Waco 1997, writ denied). When a party challenges the legal sufficiency of the evidence to support a finding favoring the party who had the burden of proof on that finding, we must overrule the challenge if, considering only the evidence and inferences which support the finding in the light most favorable to the finding and disregarding evidence and inferences to the contrary, any probative evidence supports it.
 
 Browning-Ferris, Inc. v. Reyna,
 
 865 S.W.2d 925, 928 (Tex.1993).
 

 Two separate photocopies of the purported will were referred to at trial. Sue Roberts testified (1) that several weeks after the will was prepared and signed, Capps gave her what Mrs. Roberts during her direct testimony called “the will,” trial exhibit P-1; (2) that, at Capps’ direction, Mrs. Roberts made a photocopy of that document and placed the photocopy in the church’s records; and (3) that, also at Capps’ direction to put it where it would be safe, Mrs. Roberts locked “the will” in a file cabinet, where it stayed until Capps’ death. On cross-examination, Mrs. Roberts agreed that exhibit P-1 — the document Mrs. Roberts received from Capps and locked in the file cabinet — appeared to be, not “the will,” but a photocopy of the original will. There was testimony that Capps apparently kept the original and that, despite a thorough search of the house, the original had not been located. The evidence showed Capps kept in the house a metal box that typically contained her important records and, though that box was found and searched, the will was not found there, either. The evidence is sufficient to show that the document produced was an accurate photocopy of the will written and signed by Capps and that,
 
 *231
 
 despite a diligent search, the original was not found. That is a sufficient explanation of the cause of the nonproduction of the original will, and the court’s findings of fact and conclusions of law on that matter are supported by the evidence.
 

 B. There Was Sufficient Evidence To Show Nonrevocation and To Rebut the Presumption of Revocation of a Lost Will
 

 A central question to this case is whether the failure to locate the original, which was last seen in the possession of Capps, requires the conclusion she revoked the will by destroying it. The proponent of the will is required to meet his or her burden of proving the will has not been revoked.
 
 See
 
 Tex. PROB.Code Ann. § 88(b)(3) (Vernon 2003) (to obtain probate of will, proponent must satisfy court that will was not revoked).
 

 Bishop and Parvar argue that, because there was no proof that Capps did not revoke the will by destruction, the presumption should stand. True, an original will’s absence creates a rebuttable presumption of revocation; but that presumption can be overcome by proof and circumstances contrary to the presumption or that it was fraudulently destroyed by some other person.
 
 Bailey v. Bailey,
 
 171 S.W.2d 162, 165 (Tex.Civ.App.-Amarillo 1943, no writ).
 
 [2]
 

 Under the standard sufficiency analysis rule, which applies now in Texas, we look to see whether the evidence was sufficient to “prove to the satisfaction of the court” that the will was not revoked.
 
 See
 
 Tex. Peob.Code Ann. § 88(b) (Vernon 2003). The testimony of a witness that, to her knowledge or belief, the testator did not revoke the will has been held sufficient evidence of nonrevocation to support probate of the will.
 
 See Cason v. Taylor,
 
 51 S.W.3d 397, 407 (Tex.App.-Waco 2001, no pet.);
 
 Bryant v. Hamlin,
 
 373 S.W.2d 837, 840 (Tex.Civ.App.-Dallas 1963, writ ref'd n.r.e.). Evidence that a decedent, after execution, recognized the will’s continued validity and had continued affection for the chief beneficiary thereunder, without evidence tending to show the decedent’s dissatisfaction with the will or any desire to cancel or change the will, has been held sufficient to rebut the presumption of revocation of a missing original will.
 
 See Sparkman v. Massey’s Estate,
 
 297 S.W.2d 308 (Tex.Civ.App.-Dallas 1956, writ ref'd n.r.e.).
 

 The record in this case contains no evidence of revocation or destruction of the will. In that respect, the evidence shows nothing more than the fact that, despite a search, the original document was not found. Thus, the presumption of revocation exists and must be overcome by a preponderance of the evidence.
 
 Glover,
 
 744 S.W.2d at 940.
 

 In this case, while there is no direct evidence Capps did not revoke the will, there was sufficient evidence to rebut the presumption of its revocation. The evidence showed that Capps arranged for copies of the will, as executed, to be placed with major devisees referenced in the will, the church and Sue Roberts; that Capps, at a church business meeting, had publically announced her intentions of leaving her property essentially as set out in the will; that she had also told others, including Jo Nell Ford and Sue Roberts, of her intent to leave her property essentially as set out in the will; that she set up certificates of deposit at the bank consistent with her statements in the will, and those disposi
 
 *232
 
 tions were carried out, apparently unchanged, after her death; that she continued to have affection for the devisees named in the will with no “falling out”; that she subsequently did not express or intimate any contrary intention regarding her testamentary intent or regarding the disposition of her property; and that she was the type of person who would have informed others had she decided to revoke or change her will.
 

 Bishop and Parvar contend this evidence is not sufficient to support the court’s decision. In their argument, they rely in part on language in
 
 Bailey
 
 stating that evidence of continued affection of a testator was not of any “material significance” to prove that he did not destroy his will, which had disappeared.
 
 See Berry v. Griffin,
 
 531 S.W.2d 394, 397 (Tex.Civ.App-Houston [14th Dist.] 1975, writ ref'd n.r.e.) (evidence of continued affection, standing alone, insufficient and of no material significance, citing
 
 Bailey
 
 as authority, but also applying the clear and convincing evidence standard). The evidence of Capps’ continued affection for the Robertses and her church most certainly did not stand alone, and the standard of proof is now preponderance of the evidence, not clear and convincing evidence.
 
 See Glover,
 
 744 S.W.2d at 940.
 

 Under these facts, there is sufficient material evidence to support the trial court’s findings of the reason for nonpro-duction and that the will had not been revoked. We overrule points of error one through six.
 

 2. The Evidence Was Sufficient To Show the Will Was Wholly in Capps’ Handwriting
 

 The document at bar is handwritten and is dated July 10,1996. It purports to devise
 
 [3]
 
 property, not of one, but of two people, Ola Maye Capps and Nadine Capps.
 
 [4]
 
 The handwriting is consistent with the signature of Nadine Capps, and the document was signed by both Nadine and Ola Maye and contains an acknowledgment of a notary public.
 

 Bishop and Parvar attack the probate of the will by asserting, in points of error seven and eight, that it was not properly executed as a witnessed will, and in points nine and ten, that the evidence was not sufficient that the will was wholly in Capps’ hand. We address the will, not as a witnessed will,
 
 [5]
 
 but as a holograph
 
 *233
 
 since the trial court found it to be a holograph and we deem that issue dispositive here.
 

 To show a valid holographic will, the proponent has the burden of proving that the instrument is wholly in the testator’s handwriting.
 
 Trim v. Daniels,
 
 862 S.W.2d 8, 10 (Tex.App.-Houston [1st Dist.] 1992, writ denied). “If not self proved ... a will wholly in the handwriting of the testator may be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or affidavit taken in open court.”
 
 Lopez v. Hansen,
 
 947 S.W.2d 587, 589 (Tex.App.-Houston [1st Dist.] 1997, no writ).
 

 A testamentary instrument, intended by the testator as holographic, will be enforced as such, although it contains words not in the handwriting of the testator, if such other words are not necessary to complete the instrument and do not affect its meaning.
 
 Maul v. Williams,
 
 69 S.W.2d 1107, 1109-110 (Tex. Comm’n App. 1934, holding approved);
 
 Watkins v. Boykin,
 
 536 S.W.2d 400 (Tex.Civ.App.-El Paso 1976, writ ref'd n.r.e.);
 
 Kramer v. Crout,
 
 279 S.W.2d 932 (Tex.Civ.App.-Waco 1955, writ ref'd n.r.e.).
 
 See generally In re Estate of Jansa,
 
 670 S.W.2d 767, 768 (Tex.App.-Amarillo 1984, no writ). For our purposes, the document’s material which is in other than Capps’ handwriting consists of Ola Maye’s signature, the acknowledgment, and the notary public’s signature; those are surplusage to a valid holograph.
 

 In this case, a number of witnesses examined the photocopy of the will in evidence, testified as to their familiarity with Capps’ handwriting, and identified the handwriting of the will as hers. Their testimony, in sum, was that all the disposi-tive portions of the document were written in Capps’ hand, and it was signed by her. This is sufficient to support probate as a holographic will, and there is no evidence to the contrary. We overrule points of error seven through ten.
 

 3. The Selection of Personal Representative Is Correct
 

 In the eleventh and final point of error, Bishop and Parvar allege the court erred by appointing Devon Roberts as the administrator pursuant to the will. Because we have concluded the will was properly probated, this point also fails, because it is based on the assertion that the will was improperly probated.
 

 We affirm the judgment.
 

 [1]
 

 . Before Roberts’ appointment as administrator, Bishop had qualified and served as temporary administrator. Though it is not raised by a party and is not determinative to this appeal, we note that Bishop’s authority as temporary administrator was limited by time ("until the final hearing on the Application to Probate Will and the Contest thereto”) and subject matter ("[cjollecting Certificates of Deposit ... [(Insuring the residence ... and ... [fliling an Income Tax Return”) in the trial court’s order of April 1, 2003, so the record before us does not reflect that Bishop has any authority to pursue this appeal in the capacity he purports to use, temporary administrator. On the other hand, there is nothing to indicate his coappellant, Hulene B. Parvar, lacks power to appeal in her own right.
 

 [2]
 

 . The
 
 Bailey
 
 opinion required that the proof be by clear and convincing evidence. That standard was disavowed in
 
 In re Estate of Glover,
 
 744 S.W.2d 939, 940 (Tex.1988), which used preponderance of the evidence as the standard.
 

 [3]
 

 . The two-page writing states that the house and land go to the church and Devon and Sue Roberts, that the house’s contents are “given first choice to Devon
 
 &
 
 Sue especially my medical books — the rest to the poor and needy.” The document then gives "my” jewelry and colonial lamps to a different person, and states that "my” Certificate of Deposit goes to the person who is named on the certificate as a joint partner. It then reiterates that the house and land, within specified boundaries, go to the church and that the rest of the land goes to Devon and Sue Roberts.
 

 [4]
 

 . Whether the document is proper as the will of 01 a Maye Capps is not an issue.
 

 [5]
 

 . Section 59 of the Texas Probate Code requires that an attested will be witnessed by at least two witnesses over the age of fourteen. But was the will proved as required by Texas law? Although a will must be witnessed by at least two witnesses, only one subscribing witness must testify. Tex. Prob.Code Ann. § 84(b)(1) (Vernon Supp.2004-2005);
 
 In re Estate of Teal,
 
 135 S.W.3d 87, 92 (Tex.App.-Corpus Christi 2002, no pet.).
 

 One purported witness, Ola Maye Capps, predeceased Nadine Capps. However, the notary public before whom Nadine and Ola Maye signed the document, Peggy Adams, did testify that both Capps sisters signed the document in her presence and that Nadine stated that the document was to serve as her will. A notary can serve as a witness to a will.
 
 See Teal,
 
 135 S.W.3d at 90;
 
 Reagan v. Bailey,
 
 626 S.W.2d 141 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.). The trier of fact is the sole
 
 *233
 
 judge of the witnesses' credibility and the weight to be given their testimony.
 
 Mohnke v. Greenwood,
 
 915 S.W.2d 585, 589-90 (Tex.App.-Houston [14th Dist.] 1996, no writ). The trial court implicitly found the witnesses’ testimony to be credible. There is evidence to support the court’s finding on this issue, and no evidence to the contrary appears in this record.