Opinion issued December 20, 2007







 



                                                                                                                                             In The 
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00477-CV
  __________
 
CURTIS S. COLE, Appellant
 
V.
 
ERNESTINE HOGAN, Appellees
 

 
 
On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 349,751-401
 

 
 
MEMORANDUM OPINION
          Curtis S. Cole appeals the probate court’s order denying his application for
probate of lost will. Specifically, Cole challenges the legal and factual sufficiency of
the probate court’s implied findings. We affirm.
Background
          Locellous Kenney died August 2, 2004. On July 2, 2003, one year before he
died, Kenney prepared a will, which named Ernestine Hogan as its beneficiary. After
Kenney’s death, the probate court admitted the will to probate. A few months later,
Cole filed an application for probate of a lost will, claiming that Kenney left a valid
will dated July 16, 2004, which could not be produced because it had been left with
Bertha Davis, who had misplaced it. He also noted that, in the will, Kenney left his
entire estate to Cole.
          In February 2006, trial was held on Cole’s application. During Cole’s case-in-chief, Russell Dawson and Rhonda F. Gills testified that they signed the alleged lost
will and that Kenney saw them sign it. Gills testified that she did not read the will, but
glanced over it, and saw that Kenney left his house, property, and car to Cole. 
Additionally, Cole testified that he typed the alleged lost will, was given the will by
Kenney, and took the will to Davis. An unsigned copy of the alleged will was
introduced at trial, and Cole recognized it as the will Kenney had signed and which
Cole had given to Davis. Cole also introduced Kenney’s life insurance polices, which
showed that Kenney had changed the policies’ beneficiary to Cole a few months
before his death. After Cole closed his case, Hogan renewed her position that there
is little or no evidence proving that the alleged will was lost. The probate court signed
an order denying Cole’s application for probate of lost will. No findings of facts or
conclusions of law were filed. Cole now appeals.Legal and Factual Sufficiency
          In his sole issue, Cole challenges the legal and factual sufficiency of the probate
court’s implied findings. Specifically, Cole argues that he satisfied the requirements
of proving a lost will under Section 85 of the Texas Probate Code as a matter of law,
and the probate court’s implied findings that he had not met his burden of proof were
against the great weight and preponderance of the evidence. See Tex. Prob. Code
Ann. § 85 (Vernon Supp. 2007).
Standard of Review
          In a nonjury trial, where no findings of fact or conclusions of law are filed or
requested, the trial court’s judgment implies all findings necessary to support it,
provided the necessary findings are raised by the pleadings and supported by the
evidence. Whaley v. Cent. Church of Christ of Pearland, 227 S.W.3d 228, 230–31
(Tex. App.—Houston [1st Dist.] 2007, no pet.). However, because the record on
appeal contains a full reporter’s record, Cole may challenge the trial court’s implied
findings for legal and factual sufficiency, under the same standards that govern
challenges to a jury’s findings. See id. at 231. To prevail, he must show that the trial
court’s judgment cannot be sustained by any theory raised by the evidence. Id. 
          When a party attacks the legal sufficiency of an adverse finding on an issue on
which it has the burden of proof, the party must demonstrate on appeal “that the
evidence establishes, as a matter of law, all vital facts in support of the issue.” Dunn
v. Dunn, 177 S.W.3d 393, 396–97 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)
(quoting Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001)). A matter-of-law challenge requires us first to examine the record for evidence that supports the
finding, while ignoring all evidence to the contrary. Id. at 397. If no evidence
supports the finding, we will then examine the entire record to determine if the
contrary proposition is established as a matter of law. Id. We will sustain the matter-of-law challenge only if the contrary proposition is conclusively established. Id. 
          Where a party attacks the factual sufficiency of an adverse finding on an issue
on which he has the burden of proof, he must demonstrate on appeal that the adverse
finding is against the great weight and preponderance of the evidence. Dow Chem.,
46 S.W.3d at 242. We must consider and weigh all of the evidence and set aside a
verdict only if the evidence is so weak or if the finding is so against the great weight
and preponderance of the evidence that it is clearly wrong and unjust. Id. In doing so,
we must “detail the evidence relevant to the issue” and “state in what regard the
contrary evidence greatly outweighs the evidence in support of the verdict.” Id.
(quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).
Proof of Written Will Not Produced in Court
          A proponent of a written will which cannot be produced in court must prove (1)
the requirements for a valid written will to be admitted to probate, (2) the cause of the
written will’s non-production and that such cause satisfies the court that the will
cannot be produced through reasonable diligence, and (3) the contents of the will
substantially by a credible witness who has read the will, heard it read, or can identify
a copy of the will. Tex. Prob. Code Ann. § 85; In re Estate of Jones, 197 S.W.3d
894, 898 (Tex. App.—Beaumont 2006, pet. denied).
          We begin by considering the sufficiency of the evidence pertaining to the cause
of the alleged will’s non-production. In her deposition, Davis testified that Cole
brought her a handwritten statement to be typed. Davis described the statement as a
piece of paper with some pictures on it. She stated that she read the document and that
it had Kenney’s, Gill’s, and Dawson’s signatures on it. She elaborated that the
statement was written on the torn-off top of a greeting card, and was just large enough
to contain the following sentence: “Being of sound mind, this is my last testimony. 
I want everything to be left to Curtis Cole.” 
          Davis stated that Cole gave her the statement May 5, 2004, the same day that
she was hospitalized after suffering a heart attack. Davis remained at the hospital for
approximately 17 days, during which time Kenney died. During this period, she left
the statement lying on her desk. When she returned, the statement was missing. Davis
testified that Cole first asked her about the will about one week after she had returned
from the hospital. When she could not find the will, she told Cole that she was sure
she had handed it to him. Davis testified that she did not know what happened to the
statement, but that many people, including interns, were in and out while she was gone
who could be responsible. She also stated that she thinks someone may have moved
the statement because it was written on a torn-off piece of a greeting card. Davis
testified that she felt responsible for having lost the will, and she repeatedly looked for
it, but was unable to find it. When asked if Cole had ever showed her a copy of the
will he allegedly brought to her, Davis replied “no.”
          Cole testified that he typed the July 2004 will for Kenney, which Kenney gave
to Cole. Cole stated that he then took the will to Davis and that, around September or
October of 2004, Davis told him that she misplaced it. Cole testified that he
understood that Davis did everything she could to locate the will. He identified an
unsigned, three-page, typewritten document to a be copy of the will which he had
given to Davis, in the same condition as it was in July 2004. Additionally, Cole stated
that he and Kenney had given Davis a greeting card when she was in the hospital, but
could not explain why Davis said she was given a greeting card which included
“everybody’s” signature.
          On appeal, the parties disagree over the meaning of Davis’s testimony. Cole
contends that Davis testified about two distinct documents—the July 16, 2004 will and
an unrelated greeting card


—and accuses Hogan of intentionally trying to confuse
Davis by not directly asking her if the greeting card was the same document as the July
2004 will. Hogan, however, asserts that the evidence shows that Cole and Davis
disagreed as to which document was lost.
          In re Estate of Capps involved a similar situation, where a witness was asked
to make copies of the original will by the decedent. 154 S.W.3d 242, 244 (Tex.
App.—Texarkana 2005, no pet.). At trial, the witness identified a document
introduced by the proponent to be a copy of the will that she had been given. Id. 
There was also testimony that the decedent had kept the original will, but that it had
not been located, despite a thorough search. Id. On appeal, the court held that,
because the evidence was sufficient to support that the document produced was an
accurate copy of the will, which had not been found despite a diligent search, a
sufficient explanation of the cause of the will’s non-production was established. Id. 
          Here, Davis did not identify the copy of the alleged will produced at trial to be
the same document that Cole had given her. Furthermore, the document that Cole
produced at trial was typewritten, three pages long, and dated July 16, 2004, whereas
the document described by Davis was given to her on May 5, 2004, and was
handwritten on a single page torn from a greeting card. Therefore, because Cole failed
to present evidence that Davis had possession of the alleged lost will, he did not prove
the cause of the will’s non-production as a matter of law, nor are the probate court’s
implied findings that Cole failed to prove the cause of the will’s non-production
against the great weight and preponderance of the evidence. We hold that the
evidence is legally and factually sufficient to support the trial court’s implied finding
that Cole did not satisfy the requirements of proving a lost will under Section 85. 
Therefore, the trial court did not err in denying Cole’s application for probate of a lost
will.
          Cole’s sole issue is overruled.
Conclusion
We affirm the order of the trial court.
                                                                        
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
          Panel consists of Justices Taft, Hanks, Higley.