

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00084-CV
_____

IN RE:  ESTATE OF LESLIE WAYNE WILSON, DECEASED

On Appeal from the County Court at Law Number One
Johnson County, Texas
Trial Court No. P200619089

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Brett Lee Wilson brings this restricted appeal from the trial court's order admitting the will of his father, Leslie Wayne Wilson, to probate. We will reverse and remand the case to the trial court for further proceedings.

## 1. Factual and Procedural Background

Shelli Kay Wilson[1] filed an application to probate the will and issuance of letters testamentary December 20, 2006. Shelli and Leslie had drafted the will themselves based on some form wills they had found on the Internet. After the deceased's death, the original will could not be located. Brett received service of citation by certified mail December 23, 2006. Shelli then filed an amended application January 3, 2006. The trial court held a hearing January 19, 2007, and admitted a copy of the will to probate. Brett did not timely file a contest and did not appear at the hearing. At the hearing, Shelli testified Brett did not intend to oppose the application. On March 22, 2007, Brett filed a motion for new trial and an opposition to the probate of the will. Brett argued the

---

[1]Shelli Kay Wilson was married to Leslie at the time of his death and was Brett's stepmother. Leslie had been divorced twice before marrying Shelli. Brett was twenty-six years old at the time of the motion for new trial. Since both parties have the same last name, we will refer to their first names.

2

motion was timely under Rule 306a of the Texas Rules of Civil Procedure.[2]  The trial court refused to grant Brett's motions.

On June 11, 2007, Brett filed a notice of appeal.[3]  On appeal, Brett raises three issues: 1) the applicant failed to overcome the presumption that the will had been revoked; 2) the applicant failed to substantially prove the contents of the lost will by the testimony of a credible witness who has read the will or heard it read; and 3) the applicant failed to serve the appellant with a copy of the applicant's first amended application to probate the will and issuance of letters testamentary.

---

[2]*See* TEX. R. CIV. P. 306a.  Brett did not hire an attorney until after the trial court admitted the will to probate.  Brett testified he lives in Kansas City, Missouri, and had been attempting to hire an attorney in Missouri.  Brett's Texas attorney discovered the order admitting the will to probate March 18, 2007.  At the hearing, Brett testified he had not been served with the amended petition, and the record contains no evidence to the contrary.  Brett also testified he was not served with the trial court's order admitting the will to probate and did not receive actual knowledge of the order until March 13, 2007.  Brett argued his motions were timely under Rule 306a because he did not receive notice of the trial court's order.  If a party does not receive notice or acquire actual knowledge of the judgment within twenty days of the date the judgment is signed, Rule 306a provides that time periods shall begin to run on the date the party actually acquires notice or "actual knowledge of the judgment but in no event can the thirty-day period begin after more than ninety days have passed since the judgment was signed." *Ward v. Parham*, 198 S.W.3d 861, 863 (Tex. App.—Texarkana 2006, no pet.) (holding denial of Rule 306a not separately appealable).  Shelli testified at the hearing that she had given Brett notice the trial court had signed the order.  Because the trial court refused to find Brett did not receive notice within twenty days of the order, Brett's motion for new trial was not timely.

[3]Brett originally filed an ordinary notice of appeal.  This case was transferred to this Court from the Waco Court of Appeals as part of the Texas Supreme Court's docket equalization program.  In response to a defect letter from this Court, Brett filed an amended notice of restricted appeal. *See* TEX. R. APP. P. 25.1.

Although Shelli was not required to provide Brett with notice of the amended application, we conclude the evidence rebutting the presumption of revocation was legally insufficient.

## 2. The Requirements to Bring a Restricted Appeal

To prevail on a direct attack on a judgment by a restricted appeal, an appellant

must establish that: (1) [he or she] filed notice of the restricted appeal within six months after the judgment was signed; (2) [he or she] was a party to the underlying lawsuit; (3) [he or she] did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30.

Review by a restricted appeal affords an appellant essentially the same scope of review as an ordinary appeal, that is, a review of the entire case. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965). The only restriction on the scope of review in a restricted appeal is that the error must appear on the face of the record. *See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *cf. Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex. App.—Corpus Christi 1990, no writ). "[E]vidence not before the trial court prior to final judgment may not be considered" in a restricted appeal. *Gen. Elec. Co.*, 811 S.W.2d at 944. The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts, i.e., the reporter's record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551 (Tex. 1991); *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.);

4

*see Allstate Ins. Co. v. Century Bank, N.A.*, No. 06-03-00140-CV, 2004 Tex. App. LEXIS 4998 (Tex. App.—Texarkana June 4, 2004, no pet.) (mem. op.).

It is uncontested that Brett filed a notice of appeal within six months of the judgment, was a party to the underlying suit, and did not participate at the hearing. The trial court refused to grant Brett's postjudgment motion to extend the time periods under Rule 306a, and Brett has not challenged the refusal on appeal. Because the time periods were not extended, Brett's postjudgment motions were not timely. Thus, the only contested issue is whether error is apparent on the face of the record.

### 3. Notice of the Amended Application

Brett claims, in his third point of error, that the trial court erred in admitting the will to probate because Shelli failed to provide him notice of the amended application. On January 3, 2007, Shelli filed an amended application which was not served on Brett. Shelli claims she complied with all notice procedures under Section 33 of the Texas Probate Code and, in the alternative, there is no reversible error because the only difference between the pleadings was the correction of the numeric age of the applicant.

Brett relies upon Rule 21 and 21a of the Texas Rules of Civil Procedure. Under those rules, any amended pleading must be served on a nonanswering party. *See* TEX. R. CIV. P. 21, 21a. This Court has held the service must be made regardless of whether the amended pleading seeks a more onerous judgment or adds a new cause of action. *Sw. Constr. Receivables, Ltd. v. Regions Bank*, 162

S.W.3d 859, 865 (Tex. App.—Texarkana 2005, pet. denied). *Southwest Construction Receivables*, though, was not a probate case.

Both the Dallas and the Fourteenth District Courts of Appeals have held "the Texas Rules of Civil Procedure apply to will contests only to the extent they do not differ from the procedure established by the Probate Code."[4] *Wojcik v. Wesolick*, 97 S.W.3d 335, 338 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see Bank of Tex., N.A., Trustee v. Mexia*, 135 S.W.3d 356, 362 (Tex. App.—Dallas 2004, pet. denied). Section 33(a) provides:

> No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance or return of notice in any probate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof.

TEX. PROB. CODE ANN. § 33(a) (Vernon 2003). Further, subsection (j) of Section 33 allows any interested party to request to be notified of "any and all, or of any specifically designated, motions, applications, or pleadings . . . ." TEX. PROB. CODE ANN. § 33(j) (Vernon 2003).

Brett argues Rules 21 and 21a apply to probate proceedings because the Texas Probate Code does not affirmatively state service is not required. Brett's argument is similar to the arguments rejected by the Fourteenth District. In *Wojcik*, the Fourteenth District held Rule 39 of the Texas

---

[4]We note the Beaumont Court of Appeals has held notice in excess of the provisions of the Texas Probate Code may be required in certain circumstances where the provisions of the Texas Probate Code are constitutionally inadequate. *See Kotz v. Kotz*, 613 S.W.2d 760, 761 (Tex. Civ. App.—Beaumont 1981, no writ) (admitting that Probate Code does not require citation and notice for will contests but requiring notice to avoid constitutional problems). Brett does not argue the notice provisions of the Texas Probate Code are unconstitutional in this case.

Rules of Civil Procedure, which requires joinder of necessary parties, conflicts with the unambiguous language of Section 33(a). 97 S.W.3d at 338. Because the parties were not required to be joined or given notice under Section 33, the court held Rule 39 did not apply. *Id.* Similarly, we conclude Rule 21, which differs from the exclusive notice procedures contained in Section 33, does not apply to will contests. Shelli was not required to provide Brett with notice of her amended petition. We overrule Brett's third point of error.

**4.      Legal Sufficiency of Evidence to Support a Finding that the Presumption of Revocation Was Rebutted**

In his first point of error, Brett argues the evidence was insufficient to support the trial court's finding that the presumption of revocation was rebutted. The proponent of the will is required to prove the will has not been revoked. TEX. PROB. CODE ANN. § 88(b)(3) (Vernon 2003). The Texas Supreme Court has held a party can challenge the legal sufficiency of the evidence in a restricted appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Evidence is legally insufficient only when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes conclusively the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998); *see City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.

*City of Keller*, 168 S.W.3d at 827. Whether using the inclusive or exclusive standard of review, we view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* A reviewing court must not substitute its judgment for that of the trier of fact and must indulge every reasonable inference in favor of the verdict. *Id.*

One of the methods by which a will can be revoked is by destroying the original copy of the will. TEX. PROB. CODE ANN. § 63 (Vernon 2003). The evidence at trial established the original will was in the deceased's possession and could not be located after his death. When a will was last known to be in the decedent's possession and cannot be located after death, a rebuttable presumption of revocation arises. *In re Estate of Capps*, 154 S.W.3d 242, 245 (Tex. App.—Texarkana 2005, no pet.) (op. on reh'g); *see O'Brien v. Stanzel*, 603 S.W.2d 826, 827 (Tex. 1980). The "presumption can be overcome by proof and circumstances contrary to the presumption" or evidence that the will "was fraudulently destroyed by some other person." *Capps*, 154 S.W.3d at 245. The standard of proof necessary to rebut the presumption is now preponderance of the evidence. *Id.* at 246.

This Court has stated the recognition of a will's continued validity and the testator's continued affection for the chief beneficiary thereunder, without evidence tending to show the decedent's dissatisfaction with the will or any desire to cancel or change the will, is sufficient to rebut the

presumption of revocation of a missing original will. *Id.* at 245; *see Sparkman v. Massey's Estate*, 297 S.W.2d 308 (Tex. Civ. App.—Dallas 1956, writ ref'd n.r.e.).[5]

The record does not contain any direct evidence of why the original could no longer be located. Shelli testified she was the spouse of the deceased and they were both residents of Johnson County at the time of his death. In the proof of death and other facts, Shelli states, "As far as I know and believe, Decedent left a will dated August 25, 2004 and never revoked." It is well established under Texas caselaw that an affidavit, based on the affiant's "best knowledge and belief," is no evidence of the facts asserted. *Teixeira v. Hall*, 107 S.W.3d 805, 809 (Tex. App.—Texarkana 2003, no pet.); *see, e.g.*, *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994); *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975); *Lee v. Lee*, 43 S.W.3d 636, 640–41 (Tex. App.—Fort Worth 2001, no pet.). The phrase "[a]s far as I know and believe" is the functional equivalent, being based on the affiant's best knowledge and belief. "An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient." *Humphreys*, 888 S.W.2d at 470. Shelli's conclusory statement in the proof of death and other facts was no evidence that the will had not been revoked.

---

[5]We note the Fourteenth District has held evidence of continued affection, standing alone, was insufficient to rebut the presumption of revocation. *See Berry v. Griffin*, 531 S.W.2d 394, 397 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). However, the burden of proof at the time was the clear and convincing evidence standard.

This case is distinguishable from *Capps*. Unlike *Capps*, there was no evidence of continued affection or, more importantly, any evidence the deceased had recognized the will's continued validity.[6] In order to find the presumption was revoked, one must assume there was continued affection because the parties remained married. Even if that were assumed, the evidence falls short of the evidence in *Capps* where the testator continued to recognize the validity of his will. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). The evidence presented by Shelli was no more than a mere scintilla of evidence to rebut the presumption of revocation. The evidence was legally insufficient. Because we have found the evidence rebutting the presumption of revocation was legally insufficient, it is not necessary for this Court to decide Brett's remaining issue.[7] There is error apparent on the face of the record; we sustain Brett's first point of error.

---

[6]We note Shelli also cites *In re Estate of Jones*, 197 S.W.3d 894 (Tex. App.—Beaumont 2006, pet. denied), for the proposition that the evidence was sufficient to rebut the presumption of revocation. However, the presumption of revocation was not an issue in *Jones*. The sole issue was whether "an accurate photocopy of a valid unrevoked 'lost' will may be admitted to probate without the testimony of a credible witness who read the 'lost' will or heard it read." *See id.* at 896.

[7]In his second point of error, Brett argues the trial court erred by admitting the will to probate because Shelli failed to provide testimony as to the contents of the original will and Shelli was not a credible witness under Section 85 of the Texas Probate Code. *See* TEX. PROB. CODE ANN. § 85 (Vernon Supp. 2007). Shelli argues on appeal that Section 85 does not apply because a clearly legible copy of the will with a signature was admitted to probate and, in the alternative, Shelli's testimony was sufficient to satisfy Section 85. In essence, this point of error alleges the evidence is insufficient. Because we have found the evidence legally insufficient to rebut the presumption of revocation, it is not necessary for us to determine whether Section 85 applies to this case or whether

10

**Conclusion**

Although Shelli was not required to provide Brett notice of the amended petition, the evidence was insufficient to rebut the presumption of revocation. These conclusions require us to consider what remedy is appropriate in this case. When an appellate court sustains a legal sufficiency issue, the ordinary remedy is to reverse and render. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *United States Fire Ins. Co. v. Carter*, 473 S.W.2d 2, 3 (Tex. 1971). The Texas Rules of Appellate Procedure provide "the court must render the judgment that the trial court should have rendered, except when: . . . the interests of justice require a remand for another trial." TEX. R. APP. P. 43.3.

In his brief, Brett merely requested this Court to "reverse the trial court's judgment and remand this case . . . and that Appellant have such other and further relief to which Appellant may show himself justly entitled." A court should generally not grant greater relief than requested by the prevailing party. *Horrocks v. Tex. Dep't of Transp.*, 852 S.W.2d 498, 499 (Tex. 1993). We further note authorities allowing a case to be reversed and remanded for legally insufficient evidence when "the facts have not been fully developed," such as in a post-answer default judgment, and remand would be appropriate "in the interests of justice."[8]

the evidence was sufficient to meet the requirements of Section 85.

[8] *See, e.g.*, *Heine*, 835 S.W.2d at 86 (remand for new trial on issue of unliquidated damages); *Carter*, 473 S.W.2d at 3 (holding court of appeals was authorized to remand in the interest of justice and refusing writ of error); *Davis v. McCully*, No. 02-05-00072-CV, 2006 Tex. App. LEXIS 415 (Tex. App.—Fort Worth Jan. 19, 2006, no pet.) (mem. op.) (post-answer default judgment reversed

11

An uncontested probate hearing is similar to a default judgment hearing. Although evidence must be presented, the proceedings are often abbreviated and perfunctory. The reporter's record in this case consists of approximately eleven pages of testimony. Only one party was present and presented evidence at trial. There was no adverse party to challenge the evidence. Because there was no contest to the probating of the will, it is likely the facts were not fully developed. We do not believe it is just or desirable public policy for a party, who failed to diligently protect his rights in the trial court, to be placed in a better position in a restricted appeal than a party who did diligently protect his or her rights below. Under the circumstances of this case, we conclude it is in the interest

and remanded when there was legally insufficient evidence of the nurse's standard of care); *Armstrong v. Benavides*, 180 S.W.3d 359, 364 (Tex. App.—Dallas 2005, no pet.) (holding evidence of conversion in a default judgment was legally insufficient and remanding for new trial); *Glassel v. Byrum*, No. 14-99-00932-CV, 2000 Tex. App. LEXIS 3412 (Tex. App.—Houston [14th Dist.] May 25, 2000, no pet.) (not designated for publication) (post-answer default judgment remanded when evidence of causation was legally insufficient and party requested remand); *N. Dallas Diagnostic Ctr. v. Dewberry*, 900 S.W.2d 90, 97 (Tex. App.—Dallas 1995, writ denied) (holding trial court erred in admitting expert causation testimony and remanding for new trial); *see also* 10 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 150.05 (LEXIS current through 2008).

of justice to remand this case rather than render judgment. Because Brett requested a remand in his brief, the facts were not fully developed, and remand would be appropriate in the interest of justice, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.



Jack Carter
Justice


Date Submitted:     March 11, 2008
Date Decided:       April 9, 2008