**AFFIRMED and Opinion Filed October 1, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00079-CV

## IN RE ESTATE OF EARNEST E. CLIFTON, DECEASED

**On Appeal from the County Court**
**Menard County, Texas**
**Trial Court Cause No. 2023-02184**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Appellant Barbara Pearson appeals an order denying her application for

probate of the will of Earnest Clifton. We affirm.[1]

### I. BACKGROUND

In August 2023, Pearson filed an application to probate Earnest Clifton's will

in the county court of Menard County. She alleged that she was Clifton's daughter

---

[1] This appeal was perfected to the San Antonio Court of Appeals. The Texas Supreme Court then transferred the appeal to this Court. Accordingly, we decide this case in accordance with the precedent of the San Antonio Court of Appeals. *See* TEX. R. APP. P. 41.3.

and that he had died in July 2023 at the age of 76. A week later she filed an amended application to probate the will. Therein she alleged the following additional facts:

- Clifton's original will could not be found, and a copy of the will would be offered for probate.

- The will designated Pearson as independent executor of Clifton's estate.

- The devisees under the will were Clifton's seven children and one grandchild.

- Clifton's wife Velda died in 1996. Clifton may or may not have been married to "Marilyn Glasscock" at the time of his death.

Marilyn Glascock Clifton ("Glascock") filed a general denial to the amended application.

We do not have a reporter's record from the hearing of Pearson's amended application to probate Clifton's will. The trial judge signed an order denying Pearson's amended application and then an amended order denying that application. The amended order recites that the judge heard the application on November 3, 2023, by Zoom video conference and that Glascock did not appear in person or otherwise. The judge refused to admit the proffered copy of Clifton's will to probate because he determined that it had been revoked by physical act. The judge later signed findings of fact and conclusions of law.

Pearson timely appealed. *See In re Estate of Brown*, No. 23-0258, 2024 WL 3995734, at *3 n.7 (Tex. Aug. 30, 2024) (per curiam) ("[C]ourts have held that an order denying an application to probate a will is appealable.").

–2–

Pearson has filed the only brief in this appeal, which we submitted without oral argument

## II. ISSUES PRESENTED

We paraphrase Pearson's six issues on appeal as follows:

1.      The trial judge erred by refusing to admit the copy of Clifton's will to probate because the evidence supporting admission was conclusive.

2.      The trial judge's finding that Clifton revoked the will is against the great weight and preponderance of the evidence.

3.      The trial judge erred by refusing to admit the copy of Clifton's will to probate on the theory that the application failed to comply with Estates Code § 256.054(3)(B).

4.      The trial judge erred by ruling that Glascock had a homestead right in certain rental property Clifton owned at the time of his death.

5.      The trial judge erred by conducting his own research outside the record and by filing evidence that was not presented at the hearing.

6.      If this Court does not reverse and render judgment, it should reverse and remand in the interest of justice.

## III. ANALYSIS

**A.      The absence of a reporter's record is fatal to appellant's first four issues.**

There is no reporter's record in this appeal. According to Pearson's brief, no court reporter was present at the hearing of her amended application for probate of Clifton's will.

"It is the appellant's burden to bring forward an appellate record showing reversible error by the trial court." *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex.

App.—San Antonio 2011, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam), and *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)). Without a complete reporter's record, we cannot review all of the evidence presented to the factfinder or apply the sufficiency standards of review. *Id*. Thus, when the appellant fails to bring a complete reporter's record forward on appeal, the reviewing court must presume that the evidence was legally and factually sufficient to support the challenged order or judgment. *Id*.; *see also, e.g.*, *Warrior v. Warrior*, No. 04-22-00179-CV, 2023 WL 4921897, at \*2 (Tex. App.—San Antonio Aug. 2, 2023, no pet.) (mem. op.).

The absence of a reporter's record requires us to overrule Pearson's first, second, and fourth issues, each of which is essentially a sufficiency-of-the-evidence issue.[2] Additionally, Pearson's third issue attacks an independent alternative basis— a pleading defect—that the trial judge gave for refusing to admit the proffered will to probate. Because we must presume the evidence was sufficient to support the judge's refusal to admit the will to probate, any error in the judge's alternative holding is harmless.

For these reasons, we overrule Pearson's first four issues on appeal.

---

[2] Pearson relies on the trial judge's detailed findings of fact to supply the "evidence" she uses in her analysis. But findings of fact are neither evidence nor a substitute for a reporter's record.

**B.** **Issue Five: Whether the trial judge committed reversible error by investigating the facts and filing evidence that he relied on in his order.**

In her fifth issue, Pearson complains that the trial judge erred by conducting his own factual research outside the trial record and by filing evidence that was not presented at the trial.

The record supports the following relevant facts. According to the amended order denying Pearson's application to probate Clifton's will, the trial judge heard the application via Zoom on November 3, 2023. The judge signed the amended order denying Pearson's application on November 29, 2023. That same day, the judge signed findings of fact and conclusions of law that include the following statement:

> Based upon the court's own research, the Court found that the decedent was married in Menard County by Judge Stacy Lawler to Marilyn K. Glasscock on October 17, 2022. A marriage license was issued by the Menard County Clerk the same day.

Also on November 29, 2023, a copy of a marriage license between Earnest Elzie Clifton and "Marilyn K. Glasscock" was filed in this case with no covering pleading, letter, or explanation.

We conclude that Pearson has not adequately briefed this issue. An appellant's brief must include a clear and concise argument for the contentions made, "with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). "If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). Pearson's argument under issue five is just over a page

long and cites one authority: *McQuarrie v. State*, 380 S.W.3d 145 (Tex. Crim. App. 2012), which is a criminal case about jury misconduct and the admissibility of evidence under Texas Rule of Evidence 606(b). Pearson does not explain how *McQuarrie* applies to situations involving alleged misconduct by a trial judge in connection with a bench trial. Nor does she identify the rule, statute, constitutional provision, or other law that the trial judge's conduct in this case allegedly violated.

Moreover, we see nothing in the appellate record showing that Pearson raised her complaint by a timely request, objection, or motion in the trial court. *See* TEX. R. APP. P. 33.1(a)(1). Although she might not have been able to anticipate the trial judge's action, she could have raised her complaint in a timely motion for new trial or motion to recuse. Thus, her complaint would fail for lack of preservation unless some exception to Rule 33.1 applies. *See id*. But Pearson does not mention error preservation in her argument, much less show that she preserved error or was not required to preserve error. We cannot do her research for her. *See Bolling*, 315 S.W.3d at 895 ("[W]e are not responsible for doing the legal research that might support a party's contentions.").

We overrule Pearson's fifth issue as inadequately briefed.

**C.     Issue Six: Whether we should reverse and remand in the interest of justice.**

In her final issue, Pearson argues that we should reverse the order and remand for a new trial in the interest of justice if we conclude that she is not entitled to

reversal and rendition of judgment in her favor. She cites Rule 43.3 and *In re Estate of Wilson*, 252 S.W.3d 708 (Tex. App.—Texarkana 2008, no pet.), for support.

We reject Pearson's argument. Rule 43.3 authorizes us to remand in the interest of justice, but only after we have first determined that the trial court's judgment must be reversed:

> *When reversing a trial court's judgment*, the court [of appeals] must render the judgment that the trial court should have rendered, except when:
>
> (a) a remand is necessary for further proceedings; or
>
> (b) the interests of justice require a remand for another trial.

TEX. R. APP. P. 43.3 (emphasis added). Pearson has not shown reversible error, so Rule 43.3 has no application here. *See Wall v. State Farm Lloyds*, 573 S.W.3d 281, 288 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (holding that court of appeals may remand in the interest of justice only when it has first found reversible error). The *Estate of Wilson* case further illustrates the point; in that case, the appellant showed himself entitled to reversal based on the legal insufficiency of the evidence, and only after deciding to reverse did the court of appeals consider whether rendition or remand was the appropriate disposition of the case. *See* 252 S.W.3d at 714–15. Pearson has not shown reversible error, so we may not remand in the interest of justice.

We overrule Pearson's sixth issue on appeal.

## IV.  DISPOSITION

For the foregoing reasons, we affirm the Amended Order Denying Application for Probate of Last Will and Testament of Earnest E. Clifton.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

240079F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF EARNEST E. CLIFTON, DECEASED

No. 05-24-00079-CV

On Appeal from the County Court, Menard County, Texas
Trial Court Cause No. 2023-02184.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

In accordance with this Court's opinion of this date, the trial court's Amended Order Denying Application for Probate of Last Will and Testament of Earnest E. Clifton is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 1st day of October 2024.